IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHAEL H. HAGAN,**

    **Plaintiff,**

v.                                                      CIV 12-0031 KBM/RHS

**TIMOTHY ROSE and**
**THE ROSE LAW FIRM, P.C.,**
A New Mexico Professional Corporation,

    **Defendants.**

## ORDER ON DEFENDANTS'/COUNTERCLAIMANTS' MOTION TO DISMISS COUNTERCLAIM

THIS MATTER comes before the Court on Defendants' Opposed Motion to Dismiss Counterclaim *(Doc. 61)*, filed February 21, 2013. Having reviewed Plaintiff's Response *(Doc. 79)*, I find that no Reply or further argument from Defendants is required for my decision. I will grant the Motion and deny Plaintiff's requested conditions.

Counterclaimants, like plaintiffs, are generally the masters of their own claim, and they are specifically permitted to dismiss their own claim under the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 41. Certain federal courts have held that where, as here, dismissal is sought with prejudice, the Court has no discretion to deny it. *See Smoot v. Fox*, 340 F.2d 301, 302-03 (6th Cir. 1964) ("No case has been cited to us, nor have we found any, where a plaintiff, upon his own motion, was denied the right to dismiss his case with prejudice."); *SEC v. Am. Bd. of Trade, Inc.*, 750 F.Supp. 100, 105

(S.D.N.Y. 1990) ("Because the dismissal will be with prejudice, there can be no adverse effect on defendants here.").

In the Tenth Circuit, no such bright-line rule exists, the Circuit having recognized that, although it is "a rare circumstance," it is possible that "there will be circumstances where granting a plaintiff's motion to dismiss with prejudice may adversely affect the defendant or, more likely, other parties to the litigation."  *County of Santa Fe v. Pub. Serv. Co. of New Mexico*, 311 F.3d 1031, 1049 (10th Cir. 2002) (finding that Court's Rule 41 dismissal of the plaintiff's claim with prejudice was an abuse of discretion where dismissal would effectively deprive intervenors of any opportunity to obtain relief).

No evidence of prejudice to Plaintiff exists in the present case.  Factors relevant to the question of prejudice include "the opposing party's effort and expense in preparation for trial, excessive delay and lack of diligence on the part of the movant in prosecuting the action, and insufficient explanation for the need to take dismissal."  *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993).  Because Defendants' counterclaim for malicious abuse of process is premised upon the same events as those that underlie Plaintiff's original claims, the Court finds that Plaintiff's efforts to defend against the counterclaim are equally applicable and useful in the prosecution of his initial claims.

The Court notes that Plaintiff requests the following conditions before he will agree to dismissal of Defendants' counterclaim: (1) that Plaintiff may advise the jury at trial and examine parties concerning the counterclaim because "filing a patently frivolous counterclaim was malicious and goes to Rose's credibility"; (2) that the Court hear argument on Rule 11 sanctions for costs and attorney's fees; and (3) that the dismissal is with prejudice.  *See Doc. 79* at 1-2.  Plaintiff's first two requests are denied.

The relevance of the counterclaim, if any, will be determined at trial, and the Court finds no basis for Rule 11 sanctions. Plaintiff's third request is moot given Defendants' request for dismissal with prejudice.

Wherefore,

**IT IS ORDERED** that Defendants' Opposed Motion to Dismiss Counterclaim *(Doc. 61)* is **granted**. Defendant's counterclaim for malicious abuse of process is hereby dismissed with prejudice.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent

3