IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHAEL H. HAGAN,**

    **Plaintiff,**

**v.**                                                         **CIV 12-0031 KBM/RHS**

**TIMOTHY ROSE and**
**THE ROSE LAW FIRM, P.C.,**
A New Mexico Professional Corporation,

    **Defendants.**

## ORDER ON DEFENDANTS' SECOND MOTION IN LIMINE

THIS MATTER comes before the Court on Defendants' Second Motion in Limine *(Doc. 63)*, filed February 21, 2013.  Having reviewed Plaintiff's Response *(Doc. 83)* and heard oral argument at the Pre-Trial Conference held February 25, 2013, I find the Motion is well-taken in part and will be granted in part.

**I.    BACKGROUND**

Plaintiff asserts that Defendant committed legal malpractice in the context of a criminal prosecution against Plaintiff for larceny of livestock and violations of the New Mexico Livestock Brand Inspection laws.  *See* Doc. 1 at 4.  Specifically, Plaintiff alleges that Defendant Rose coerced him into pleading "no contest" to two third-degree felonies, one fourth-degree felony and into agreeing to pay restitution to the alleged victims.  *See id.* at 5. After the plea, Defendant arranged for another attorney (Plaintiff's present counsel, Robert J. Beauvais) to represent Plaintiff in ongoing civil litigation

related to the criminal matter. *See id.* at 6. Plaintiff later sought to withdraw his plea in the criminal matter, and the New Mexico state court granted his request. *See id.* at 7.

After withdrawing his initial plea of "no contest," the state court ultimately dismissed seven of the eight counts against Plaintiff. *See* Doc. 1 at 7-8. Plaintiff went on to prevail at trial on the sole remaining claim. *See id.* at 9. Although Plaintiff avoided criminal convictions in spite of Defendants' alleged legal malpractice, he contends he is nonetheless entitled to damages in the form of "additional attorney's fees and costs and lost income from the ill-advised felony plea." *See id.* at 11. He also seeks punitive damages. *See generally id.*

There is no dispute that Plaintiff intends to seek two types of compensatory damages at trial: (1) $68,134.41 in attorney's fees incurred after withdrawal of Plaintiff's initial no-contest plea; and (2) $50,000 in mental anguish damages. *See Doc. 63* at 1. Defendants contend that Plaintiff's only evidence as to the alleged post-withdrawal attorney fees is inadmissible hearsay. To the extent that evidence of Plaintiff's attorney fees are admissible, Defendants argue that not all such fees are recoverable. Specifically, Defendants seek to bar admission of attorney fees that Plaintiff incurred beyond April 19, 2010—the date the Court granted his motion to set aside the original plea. *See Doc. 63* at 2. Finally, according to Defendants, emotional distress damages are simply not available in legal malpractice actions. *See id.* at 2 (quoting *Akutagawa v. Laflin, Pick & Heer, P.A.*, 126 P.3d 1138, 1144 (N.M. Ct. App. 2005)).

**II.     ANALYSIS**

A Plaintiff must prove three essential elements to recover for legal malpractice: (1) the employment of the defendant attorney; (2) the defendant attorney's neglect of a

2

reasonable duty; and (3) the attorney's negligence resulted in and was the proximate cause of loss to the plaintiff.  *See Rancho del Villacito Condos, Inc. v. Weisfeld*, 908 P.2d 745, 748-49 (1995) (internal quotations and citation omitted).  With regard to damages, New Mexico appellate courts have held that "[w]hen the attorney's negligence involves failure to take certain action, the client must show that if the attorney had acted then the client would not have suffered damages, at least not to the same degree."  *Akutagawa*, 126 P.3d at 1141 (quoting *Carrillo v. Coors*, 901 P.2d 214, 219 (Ct. App. 1995)).

> A. **Based on the Evidence Presently Before the Court, Plaintiff's Proposed Exhibit 7 Is Inadmissible Hearsay and Will Be Excluded.**

Plaintiff's only evidence of the attorney fees he allegedly incurred is:  (1) a retainer agreement between Plaintiff and Mr. Beauvais; and (2) a 41-page document listing charges for various legal services entitled "Robert J. Beauvais, Detail Slip Listing."  *See Pl's Prop. Exhs. 7, 8*; *see also Doc. 63-2* (excerpt of Exh. 7).  The Detail Slip Listing appears to be an internal billing record kept by Mr. Beauvais' office.  *See id.*  It includes charges from January 2010 through November 2011.  *See id.*

As an out-of-court statement offered for the truth of the matters asserted therein, the Detail Slip Listing is unquestionably hearsay.  *See* FED. R. EVID. 801.  Plaintiff fails to address Defendants' hearsay argument in any fashion.  *See Doc. 83*.  While it is not the province of the Court to advocate on behalf of litigants, *see, e.g., Good v. Khosrowshahi*, 296 Fed. App'x 676, 680 (10th Cir. 2008) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)), Defendants appear to acknowledge that the hearsay exception for records of a regularly conducted activity, *see* FED. R. EVID. 803(6), could potentially apply to Plaintiff's proposed Exhibit 7.  *See*

*Doc. 63* at 3 (noting that "[w]ithout Beauvais' testimony, these documents cannot be admitted"). As Defendants note further, however, Plaintiff has identified only three witnesses: Plaintiff; Plaintiff's expert, Barry Crutchfield; and Defendant Rose. *See Doc. 63* at 3; *Doc. 73*. None of the identified witnesses is qualified to lay the foundation required to show that the Detail Slip Listing constitutes evidence falling within the regularly kept business record exception to hearsay. *See* FED. R. EVID. 803(6). Accordingly, based upon the information before the Court, the Detail Slip Listing is not admissible. Defendants' Motion in Limine is therefore granted.

> **B.  The Court Cannot Presently Rule on the Admissibility of Plaintiff's Attorney's Fees Incurred After April 10, 2010.**

"The measure of damages in a malpractice case is the amount a plaintiff would have received but for the attorneys' negligence." *Hyden v. Law Firm of McCormick, Forbes, Caraway & Tabor*, 848 P.2d 1086, 1094 (N.M. Ct. App. 1993). "[C]lients have the burden of showing not only negligence on the part of their attorney but also that their damages were proximately caused by that negligence." *Carrillo*, 901 P.2d at 219.

Defendant Rose's asserted malpractice lies in an alleged act of coercing Plaintiff to plead "no contest" rather than proceeding to trial, an alleged act that Defendants adamantly dispute. *See Doc. 1* at 5. It should be noted, however, that the court permitted Plaintiff to withdraw his "no contest" plea on April 19, 2010. At that point, any harm resulting from the alleged negligence appears to have been cured.

Thus, the damages resulting from Defendant Rose's alleged coercion of the plea would be limited to the cost of obtaining the plea withdrawal. In the absence of the alleged negligence, Plaintiff presumably would have proceeded to a trial and incurred the fees and costs necessary to contest the criminal charges from April 19, 2010

4

forward.  Attorney's fees Plaintiff incurred after April 19, 2010 would not qualify as damages caused by and resulting from the attorney's alleged negligence.  This, in a nutshell, is Defendants' position.

At the Court's February 25, 2013 hearing, however, Plaintiff's attorney argued that the full balance of attorney's fees incurred during the entire course of Mr. Beauvais' representation of Plaintiff are recoverable as damages.  Plaintiff's counsel represented that his client will testify at trial that he had a flat-fee arrangement with Defendants that required Defendants to provide services in the criminal case through its completed resolution, whether by plea or trial.  It is Plaintiff's position that he had paid Defendants the flat fee in full, and therefore would not have incurred any further legal expenses in connection with his criminal matter had Defendant Rose remained his attorney.  Defendants dispute Plaintiff's characterization of the fee agreement and that the monies paid by to Defendants constituted only a retainer towards an hourly fee arrangement.  Given Plaintiff's proffered testimony, the Court cannot presently rule on whether attorney's fees and costs incurred after April 10, 2010 could be potentially recoverable.

### C.     Emotional Distress Damages Are Not Available.

Parties may not recover damages for emotional distress in legal malpractice cases absent some evidence of extreme and outrageous conduct.  *See Akutagawa*, 126 P.3d at 1143 (collecting cases).  After examining case law from other jurisdictions, the New Mexico Supreme Court held that "emotional distress damages alone are not compensable in a legal malpractice case where, as here, there are no allegations of intentional infliction of emotional distress or some heightened level of culpability

resulting in severe distress such that no reasonable person could be expected to endure." *Id.* at 1144.

Plaintiff's opposition to Defendants' Motion focuses upon "[t]he special relationship of a criminal defense attorney to his client as well as the potential loss of liberty" as an exception to the general rule against emotional distress in legal malpractice claims. See Doc. 83 at 2.

Although Plaintiff cites numerous cases allowing emotional distress damages for legal malpractice, none is binding upon this Court and, further, none involves facts analogous to the present case. In *Rowell v. Holt*, the Florida Supreme Court allowed $16,500 in emotional distress damages for a criminal defendant who was wrongfully arrested on charges that he illegally possessed a firearm. *See* 850 So. 2d 474, 476 (Fla. 2003). Despite having provided his attorney with documentary evidence that he was permitted to own a gun at his first appearance the following day, the plaintiff was not released from jail until two weeks later. *See id.* The *Rowell* court allowed emotional distress damages based upon "the special professional duty created by the relationship between Rowell and his attorney, coupled with the clear foreseeability of emotional harm resulting from a protracted period of wrongful pretrial incarceration." *Id.* at 479.

In *Snyder v. Baumecker*, the Federal District Court for the District of New Jersey declined to dismiss a claim for emotional distress damages based upon an attorney's legal malpractice. But, as in *Rowell*, the facts of the case were that the plaintiff was incarcerated, allegedly as a result of his attorney's negligence. *See* 708 F. Supp. 1451, 1464 (D.N.J. 1989) (holding that plaintiff could "proceed to prove damages for the emotional distress suffered by decedent which is attributable to the loss of liberty

allegedly caused by the defendant's negligent representation" but noting further that the plaintiff "bears the formidable burden of proving that 'but for' defendant's alleged legal malpractice, decedent would have obtained his release from prison").

Unlike the case law he marshals in support of his emotional distress claim, Plaintiff acknowledges that in the present case he was never incarcerated. *See* Doc. 83 at 3. Thus, even if the Court were inclined to adopt the reasoning of the non-binding decisions out of Florida and New Jersey, Plaintiff would not be eligible to recover emotional distress damages in this case.

Plaintiff also relies on non-binding case law allowing emotional distress damages for breaches of fiduciary duty. *See* Doc. 83 at 5. The fiduciary duty cases cited do not support Plaintiff's claims of emotional distress damages. In *Herbin v. Hoeffel*, the plaintiff alleged intentional infliction of emotional distress together with his breach of fiduciary duty claim, alleging that his criminal defense attorney shared attorney-client confidences with prosecutors from another state. *See* 806 A.2d 186, 196 (D.C. 2002). The other case relied upon by Plaintiff, *Morris v. Margolis*, 718 N.E.2d 709 (Ill. App. 1999) was reversed. *See* 754 N.E.2d 314 (Ill. 2001). Even if *Morris* was good law, it is inapposite to the present case. *Morris* claimed that his attorneys knowingly used confidential attorney-client communications in preparing cross-examination questions *for use by prosecutors* in a trial where Morris faced criminal charges. *See id.* at 1031.

The present case, in contrast to the facts of *Herbin* and *Morris*, involves allegations of ordinary negligence. There are no facts alleged, unlike in both *Herbin* and *Morris*, which would support a finding of intentional infliction of emotional distress. The

present case is therefore governed by the New Mexico Supreme Court's opinion in *Akutagawa*. Damages for emotional distress are not available as a matter of law.

Wherefore,

**IT IS ORDERED** that Defendant's Second Motion in Limine *(Doc. 63)* is granted in part. Based on the witnesses identified, Plaintiff's proposed Exhibit 7 constitutes hearsay not subject to any exception. Therefore, Plaintiff's Exhibit 7 will not be admitted at trial. Additionally, Plaintiff will not be permitted to introduce evidence or seek to instruct the jury concerning damages for emotional distress. In all other respects, Defendant's Second Motion in Limine is denied.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent