IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL H. HAGAN,

    Plaintiff,

v.                                                           CIV 12-0031 KBM/RHS

TIMOTHY ROSE and
THE ROSE LAW FIRM, P.C.,
A New Mexico Professional Corporation,

    Defendants.

## ORDER GRANTING DEFENDANTS' FIRST MOTION IN LIMINE

THIS MATTER comes before the Court on Defendants' First Motion in Limine *(Doc. 60)*, filed February 19, 2013. Having reviewed Plaintiff's Response *(Doc. 80)* and heard oral argument at the Pre-Trial Conference held February 25, 2013, I find the Motion is well-taken and will be granted.

**I.    BACKGROUND**

Plaintiff asserts that Defendant committed legal malpractice in the context of a criminal prosecution against Plaintiff for larceny of livestock and violations of the New Mexico Livestock Brand Inspection laws. *See Doc. 1* at 4. Specifically, Plaintiff alleges that Defendant Rose coerced him into pleading "no contest" to two third-degree felonies, one fourth-degree felony and into agreeing to pay restitution to the alleged victims. *See id.* at 5. After the plea, Defendant arranged for another attorney to represent Plaintiff in ongoing civil litigation related to the criminal matter. *See id.* at 6. Plaintiff later sought to withdraw his plea in the criminal matter, and the New Mexico

state court granted his request, finding that Defendant had provided ineffective assistance of counsel.  *See id.* at 7.

Defendants' Motion seeks to exclude the ruling of the Honorable William G.W. Shoobridge of New Mexico's Fifth Judicial District Court in the underlying criminal action.  *See Doc. 60* at 3 (noting that Plaintiff was likely to "attempt to introduce the decision memo and order allowing Hagan to withdraw his plea in the underlying criminal case").  In particular, Defendants are concerned that such evidence might be offered "in an attempt to prove that Rose rendered ineffective assistance of counsel to Hagan."  *See id.*  Defendants seek to exclude this evidence from trial, in part, because this Court has already ruled that Judge Shoobridge's finding of ineffective assistance does not have a preclusive effect in this litigation.  *See Doc. 48* at 14 (holding that "[e]very step of the analysis [for issue preclusion] precludes Plaintiff's collateral use of Judge Shoobridge's decision").

Moreover, Defendants note that Judge Shoobridge's findings are, in part, without evidentiary support and even contrary to the evidence presented before him.  *See Doc. 60* at 4.  Additionally, Defendants argue that Judge Shoobridge's opinions are not relevant, that they constitute inadmissible hearsay, and that the admission of his findings as to the quality of Defendant Rose's representation would be unduly prejudicial to Defendants and confusing to the jury in this litigation.  *See id.* at 4-6.

## II.     ANALYSIS

Plaintiff, in fact, does seek to introduce as exhibits at the trial of this matter the following documents from the underlying criminal litigation before New Mexico's Fifth Judicial District Court:

2

1. Motion to Withdraw Plea and Exhibits
2. Judge Shoobridge's Letter Ruling
3. Order Allowing Withdrawal of Plea *(Doc. 24-7)*
4. Transcript of April 19, 2010 Hearing *(Doc. 24-4)*
5. Decision Memo *(Doc. 24-8)*
6. Judgment on Directed Verdict

*See Docs. 65, 72*.  Because the instant Motion focuses upon Judge Shoobridge's rulings and the transcript of the hearing he conducted, I will limit the scope of this Order to Plaintiff's proposed Exhibits 2, 3, 4, 5, and 6.  Because Exhibit 1 is a Motion drafted by Plaintiff's present attorney (Robert Beauvais) and does not constitute or contain an Order by Judge Shoobridge, I will not consider it in the instant Order.

<u>Hearsay</u>

Exhibits 2 through 6 are out-of-court statements, and Plaintiff has not suggested that he seeks their introduction for any purpose other than to show the truth of the matters contained therein.  *See* FED. R. EVID. 801.  As hearsay, they are inadmissible unless an exception to Rule 801 applies.  Plaintiff has not suggested any such exception; nor has the Court identified a potentially applicable hearsay exception.  *See generally Doc. 80*.

To whatever extent Plaintiff might seek to fit Exhibits 2 through 6 within the residual exception, *see* FED. R. EVID. 807, I hold that it does not apply.  That exception requires a "circumstantial guarantees of trustworthiness" in the truth of the out-of-court statements.  *Id.*  I have previously noted, however, that several of Judge Shoobridge's findings in his Decision Memo (Plaintiff's proposed Exhibit 2), are not supported by the record.  *See Doc. 48* at 7.  For instance, although there was no testimony in the underlying proceeding on the point, Judge Shoobridge "credited the proposition that

Plaintiff was 'tole [sic] by Mr. Rose he could either accept [the plea] or find other counsel.'" *Id.* (quoting Decision Memo. at 2).

Similarly, Judge Shoobridge apparently believed that the expert witness was troubled that Defendant Rose had totally abandoned Plaintiff. *See id.* However, the evidence presented at the hearing before Judge Shoobridge was not that Defendant anticipated abandoning Plaintiff. Rather, Defendant testified he was ready to proceed to trial as scheduled, but that he would not be available later for a complex restitution hearing if one was needed. *See id.*

Additionally, Judge Shoobridge's assessment of Defendant Rose's competence as counsel for Plaintiff is not more probative of the question of negligence than other evidence, including, but not limited to, the testimony of Plaintiff, Defendant Rose, and the expert witnesses from each side. Accordingly, Plaintiff's proposed Exhibits 2 through 6 are not admissible at trial.

<u>Relevance and Potential Prejudice</u>

Beyond the question of hearsay, Judge Shoobridge's opinions concerning Defendant Rose's conduct are also irrelevant in this case. The jury here, not Judge Shoobridge, is charged with determining whether Defendant Rose was negligent in his representation of Plaintiff. If Judge Shoobridge's conclusions were introduced into evidence, I fear that the jury may assign them undue weight and perhaps even abdicate their responsibility to independently perform the negligence inquiry. Therefore, I find that admitting Exhibits 2 through 6 would create a risk of undue prejudice to Defendants which is not outweighed by the minimal probative value that they carry in this case.

In my view, the admission of Judge Shoobridge's opinions and conclusions at trial is akin to those cases in which judges improperly comment upon the evidence before them. The Ninth Circuit Court of Appeals has confronted this issue and held as follows:

> A judge may, of course, comment on the evidence, but it is quite a different matter to tell the jury that the judge thinks it may infer knowledge from isolated facts. When a judge comments on the evidence, he still leaves the ultimate weighing of that evidence to the jury. When a judge tells the jury it may infer knowledge from two isolated facts, he risks conveying the message to the jury that he has weighed the evidence in his own mind and believes it is sufficient to convict. In this case, the defect was not cured when the judge told the jury "[i]t is the exclusive province of the jury to determine whether the facts and circumstances shown by the evidence in this case warrants any inference which the law permits the jury to draw." The jury certainly understood that it was free to ignore the judge's conclusion—just as it would be free to ignore the information that the judge had denied a motion for directed verdict—but *disclosing the judge's own opinion nevertheless created the risk that the jury would abdicate its responsibility to evaluate the evidence in deference to the judge.*

*United States v. Rubio-Villareal*, 967 F.2d 294, 299 (9th Cir. 1992) (emphasis added).

The Tenth Circuit has long held that a judge's power to comment on the evidence "should be exercised cautiously and only in exceptional cases." *Davis v. United States*, 227 F.3d 568, 570 (10th Cir. 1955) (allowing defendant a new trial where the trial judge expressed his opinion about the defendant's guilt). *See also United States v. Chanthadara*, 230 F.3d 1237 (10th Cir. 2000) (collecting cases). This is not an exceptional case. Judge Shoobridge's opinions are not only irrelevant and unduly prejudicial, they also unreasonably invade the province of the jury in this case. I will

5

therefore grant Defendants' First Motion in Limine and bar Exhibits 2, 3, 4, 5 and 6 from admission at trial.

Wherefore,

**IT IS HEREBY ORDERED** that Defendant's First Motion in Limine *(Doc. 60)* is **granted.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent