IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHAEL H. HAGAN,**

    **Plaintiff,**

v.                                                                             CIV 12-0031 KBM/RHS

**TIMOTHY ROSE and**
**THE ROSE LAW FIRM, P.C.,**
A New Mexico Professional Corporation,

    **Defendants.**

**ORDER ON PLAINTIFF'S FIRST MOTION IN LIMINE**

THIS MATTER comes before the Court on Plaintiff's First Motion in Limine *(Doc. 66)*, filed February 24, 2013.  Having reviewed Defendants' Response *(Doc. 76)* and heard oral argument at the Pre-Trial Conference held February 25, 2013, I find the Motion is not well-taken and will be denied.

**I.**     **BACKGROUND**

Plaintiff intends to seek two types of damages in this legal malpractice case, including approximately $68,134.41 in attorney's fees incurred after withdrawal of Plaintiff's initial no-contest plea.  *See Doc. 63-1.*  Evidentiary support for these alleged damages comes in the form of billing statements from Plaintiff's present attorney, Robert J. Beauvais, entitled "Detail Slip Listings."  *See Doc. 63-2.*

Defendants assert that Plaintiff transferred certain business interests to Mr. Beauvais' wife, which Defendants contend Mrs. Beauvais sold for $150,000.  It is Defendants' further contention that the $150,000 business transaction represents

payment for Mr. Beauvais' legal representation of Plaintiff, and that the "Detail Slip Listings" are fraudulent.

Plaintiff moves to exclude evidence of the "wholly separate business transaction between [Mr. Hagan] and his attorney's wife" on the grounds that it is "wholly irrelevant." *See Doc. 66* at 2.

## II.   ANALYSIS

The New Mexico Rules of Professional Conduct for attorneys provide that

> A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:
> (1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner that can be reasonably understood by the client;
> (2) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction; and
> (3) the client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.

Rule 16-108(A) NMRA 2013.

As noted at the Pre-Trial Conference in this matter, I have grave concerns about the potential conflict of interest for Plaintiff's attorney.  Mr. Beauvais insists that there is no conflict, asserting at oral argument that any business dealings were between his client and his wife.  Although Mr. Beauvais claimed that he may have executed a disclaimer of interest in his wife's business or the transaction at issue, he has not filed any documents with the Court to this effect, despite the fact that over a month that has elapsed since the Pre-Trial Conference.  In addition, I note that Mr. Beauvais' wife is

also his legal assistant and presumably she has a community property interest in his legal business or at least the proceeds therefrom.

Apart from these ethical concerns, I cannot find that these extraneous business dealings between Plaintiff and Mr. or Mrs. Beauvais or businesses they own or run are irrelevant. Plaintiff asserts damages in the form of attorney's fees. If, as Defendants assert, these fees were actually paid via a business transaction with Mrs. Beauvais, that is relevant to damages.

**Wherefore,**

**IT IS THEREFORE ORDERED** that Plaintiff's First Motion in LImine *(Doc. 66)* is **DENIED.**

_____
**UNITED STATES CHIEF MAGISTRATE JUDGE**