IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHAEL H. HAGAN,**

    **Plaintiff,**

**v.**                                                            **CIV 12-0031 KBM/RHS**

**TIMOTHY ROSE and**
**THE ROSE LAW FIRM, P.C.,**
A New Mexico Professional Corporation,

    **Defendants.**

### ORDER ON PLAINTIFF'S SECOND MOTION IN LIMINE

THIS MATTER comes before the Court on Plaintiff's Second Motion in Limine *(Doc. 67)*, filed February 24, 2013. Having reviewed Defendants' Response *(Doc. 76)* and heard oral argument at the Pre-Trial Conference held February 25, 2013, I find the Motion is not well-taken and will be denied.

Plaintiff seeks to exclude from evidence at trial "any evidence to Plaintiff Hagan's character." Nowhere in Plaintiff's two-page Motion does he identify any specific character evidence for the Court to evaluate and consider in light of the Federal Rules of Evidence.

While Plaintiff is generally correct that several of the Federal Rules of Evidence limit the use of evidence of a person's character, there are important exceptions to this general rule. For instance, Plaintiff's reputation for having a character for truthfulness or untruthfulness is generally admissible if Plaintiff testifies at trial. *See* Fed. R. Evid. 608(a). Similarly, if Plaintiff testifies at trial, his character for truthfulness may be

attacked with evidence of a criminal conviction, provided that certain conditions are met. *See* Fed. R. Evid. 609.

Absent specific information about the type of character evidence Plaintiff seeks to preclude, the Court cannot evaluate its admissibility. Plaintiff's Motion must therefore be denied, and the Court will evaluate specific evidence as it is presented at trial.

**Wherefore,**

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion in LImine *(Doc. 67)* is **DENIED.**

_____
**UNITED STATES CHIEF MAGISTRATE JUDGE**