IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL H HAGEN,

    Plaintiffs,

v.                                                CIV 12-0031 KBM/RHS

TIMOTHY ROSE and
THE ROSE LAW FIRM, P.C.,
A New Mexico professional corporation,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Amended Motion to Reopen Discovery *(Doc. 104)*, filed April 10, 2013, and on Defendants' Motion to Disqualify Counsel *(Doc. 109),* filed May 2, 2013.  Having reviewed the parties' submissions and the relevant law, the Court finds that Defendants' Motion to Reopen Discovery is well-taken and will be granted and that Defendants' Motion to Disqualify Counsel will be held in abeyance pending limited discovery concerning the fee arrangement and alleged business purchase arrangements between Plaintiff and his attorney, J. Robert Beauvais ("Beauvais").

**I.**      **BACKGROUND**

    Plaintiff filed the instant action against Defendants for professional negligence, breach of contract, and breach of fiduciary duty.  Plaintiff claims that he incurred damages when he was required to hire a new attorney to correct the

legal malpractice of Defendants, his former attorney and firm.  Defendants seek to determine the extent to which any legal fees were paid by Plaintiff to Beauvais and whether all or part of Beauvais' compensation may have been a transfer of Plaintiff's halter business, Craigmyle Halters, LLC, to Beauvais.

At a February 26, 2013 pretrial conference in this matter, Defendants broached the topic of a potential business dealing between Plaintiff and Beauvais.  *(Doc. 69.)*  At that time, the Court noted its concern about a possible conflict in Beauvais' continuing representation of Plaintiff and vacated the March trial date*.  (Docs. 69, 70.)*  Again in its Order on Plaintiff's First Motion in Limine, the Court expressed "grave concerns about the potential conflict of interest for Plaintiff's attorney."  *(Doc. 101.)*  Thereafter, Defendants moved to reopen discovery for the limited purpose of exploring the fee arrangement and possible business dealings between Plaintiff and Beauvais.

Defendants, in support of their motion to reopen discovery, submitted records obtained from the New Mexico Public Regulation Commission, which suggests that Beauvais is the registered agent for Craigmyle, LLC and that the registered address was his law office.  *(Doc. 104, Ex. A.)*  Based upon this information, Defendants argue that Beauvais is "very much involved" in Craigmyle, LLC and that apparently Beauvais and his wife, Kimberly Beauvais, are "co-owners" of that business.  Plaintiff, on the other hand, denies that Beauvais is co-owner of Craigmyle, LLC and insists that Beauvais' wife Kimberly is the sole owner/member of that company.  It is noteworthy, however, that

Craigmyle, LLC was incorporated immediately after Beauvais assumed representation of Plaintiff in the underlying criminal case.

In an effort to establish that the subject business transactions were strictly between Plaintiff and Kimberly Beauvais, Plaintiff attaches various documents to his response brief including: (1) an Order by the United States District Court for the Central District of California in which the court considered the amount of damages to be awarded in Plaintiff's favor for the defendants' breach of contract and concluded that the actual value of the Craigmyle trademark was at least $21,046.12; (2) a Purchase Agreement in which Kimberly Beauvais' company, Lincoln Works, LLC, is the purchaser of Craigmyle Halter, LLC for the purchase price of $1.00 and "other good and valuable consideration"; (3) a Non-Competition Agreement between Plaintiff/Craigmyle Halter, LLC and Lincoln Works, LLC/Kimberly Beauvais; and (4) the Certificate of Organization and Articles of Organization of Lincoln Works, LLC, naming Kimberly Beauvais as the organizer and sole member.  *(Doc. 106, Exs. A-D.)*  While Plaintiff relies upon these documents to support his position that he did not obtain an interest in Craigmyle, LLC, he also argues that "even if the [C]ourt were to find [Plaintiff] paid some or all of his fee by a transfer of personal property to his subsequent attorney, that transfer does not negate the damages" suffered from Defendants' legal malpractice.  *(Doc. 106, at 5.)*  According to Plaintiff, it is simply irrelevant in this legal malpractice action *how* Plaintiff compensated his attorney.

Defendants contend that there is more than an inference that the Craigmyle trademark transaction served as consideration for Beauvais'

3

representation of Plaintiff. Additionally, they argue that the method and amount of Plaintiff's payment of legal fees to Beauvais is necessary for Plaintiff to establish his purported damages in hiring a new attorney to correct Defendants' alleged malpractice.

In a separate motion, Defendants have moved to disqualify Beauvais, suggesting that a conflict of interest between Plaintiff and Beauvais has placed Beauvais in a position that he must "pursue this case in a way that saves his own skin, as opposed to the best interests of his client." *(Doc. 109, at 3.)*

## II.  LEGAL STANDARD

Whether or not to reopen discovery is within the sound discretion of the district court. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). The Tenth Circuit has identified six relevant factors to be considered when deciding whether to reopen discovery. *Id.* at 169. Those factors are:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id.* at 169.

## III.  ANALYSIS

Applying the *Smith* factors to Defendants' request to reopen discovery, the Court concludes that they weigh in favor of reopening discovery for the limited purpose of allowing Defendants to explore the fee arrangement and business purchase arrangements between Plaintiff and the Beauvais. The Court vacated

the trial date in this matter out of concern over a possible conflict in Beauvais' continuing representation of Plaintiff.  *(Doc 69.)*  The Court further concludes that Plaintiff will not be unfairly prejudiced by the reopening of discovery and that, indeed, such discovery may be necessary to fully protect Plaintiff's right to representation by counsel who will not be diverted from pursuing his client's best interests.

Plaintiff argues that Defendants did not diligently and timely pursue the now-requested discovery because Defendants were aware of rumors regarding business transactions between Plaintiff and Defendants.  The Court notes, however, that Defendants did inquire whether "Plaintiff's attorney, J. Robert Beauvais, ha[d] any ownership interest in any corporation, partnership, limited liability company or any other business entity in which [Plaintiff was] a part owner."  *(Doc. 104, ¶ 2;* Interrogatory No. 8*)*.  Defendant's response was an unqualified "No."  *(Id.)*  Such an assurance by Plaintiff would have reasonably dispelled rumors concerning business dealings between Plaintiff and Beauvais until such time as Defendants learned, apparently in late February 2013, that Plaintiff had conveyed Craigmyle Halter, LLC to Kimberly Beauvais for $1.00 just months after Beauvais began representing Plaintiff. Under these circumstances, the Court cannot find that Defendants were not diligent in obtaining discovery within the Court's guidelines.

Finally, and most importantly, the Court concludes that the requested additional discovery is likely to lead to relevant evidence.  First, the legal fees paid by Plaintiff to Beauvais constitute at least a component of the damages that

5

Plaintiff purportedly incurred in hiring a new attorney to correct Defendants' alleged malpractice.  Plaintiff seeks approximately $68,134.41 in attorney's fees as damages in this case.  *(Doc. 101.)*  The Court agrees that there is at least a reasonable inference that the Craigmyle trademark served as consideration for Beauvais' representation of Plaintiff.  Second, any business transactions between Plaintiff and Beauvais have significant implications with regard to whether Beauvais should be disqualified as counsel for Plaintiff because of a conflict of interest.

As such, the Court concludes that discovery in this matter will be reopened for the limited purpose of exploring the fee arrangement and business dealings between Plaintiff and Beauvais.

Wherefore,

**IT IS HEREBY ORDERED** that Defendants' Amended Motion to Reopen Discovery *(Doc. 104)* is hereby **granted**.  The Defendants will have until July 15, 2013 to complete the limited discovery authorized above.

**IT IS FURTHER ORDERED** that Defendants' Motion to Disqualify Counsel and Memorandum Brief in Support Thereof *(Doc. 109)* will be **held in abeyance** during this period of additional limited discovery.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE