## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**MICHAEL H. HAGAN,**

      **Plaintiff,**

**v.**                                         **CIV 12-0031 KBM/RHS**

**TIMOTHY ROSE and**
**THE ROSE LAW FIRM, P.C.,**
**A New Mexico Professional Corporation,**

      **Defendants.**

## <u>ORDER ON DEFENDANTS' THIRD MOTION IN LIMINE</u>

THIS MATTER comes before the Court on Defendants' Third Motion in Limine *(Doc. 64)*, filed February 23, 2013. Pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 73, the parties have consented to me serving as the presiding judge and conducting all proceedings, including trial. Having reviewed Plaintiff's Response *(Doc. 84)* and heard limited oral argument at the Pre-Trial Conference held February 25, 2013, I find the Motion is well-taken and will be granted.

## I.  BACKGROUND

In this diversity-based legal malpractice action, Defendants seek to exclude the testimony of Plaintiff's expert witness, Barry Crutchfield, Esq., from trial on the grounds that Mr. Crutchfield's opinions are vague, and offered without sufficient explanation pursuant to the standards of the Federal Rules of Civil Procedure and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).

## II.   ANALYSIS

Rule 26(a)(2) requires parties calling expert witnesses to provide written reports authored by the experts, including the following elements:

- A complete statement of all opinions the witness will express and the basis and reasons for them;
- The facts or data considered by the witness in forming them;
- Any exhibits that will be used to summarize or support them;
- The witness's qualifications, including a list of all publications authored in the previous 10 years;
- A list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
- A statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B).  The purpose of Rule 26(a) expert disclosures is "not only to identify the expert witness, but also 'to set forth the substance of the direct examination.'"  *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (citing FED. R. CIV. P. 26(a)(2) advisory committee's note to the 1999 amendments).  According to the Tenth Circuit, "[s]uch disclosure is necessary to allow the opposing party 'a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.'"  *Id.* (citing FED. R. CIV. P. 26(a)(2) advisory committee's note to 1999 amendments).

To the extent that a party fails to provide an adequate expert report, Rule 37(c) provides that he is not allowed to use the information or rely on it at trial, "unless the failure was substantially justified or is harmless."  *See* FED. R. CIV. P. 37(C).  The Tenth Circuit has held that a district court, in exercising its broad discretion to determine whether a party's failure to provide an adequate expert report was justified or harmless,

2

should consider the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

Regardless of the adequacy of Plaintiff's expert disclosure, the testimony of Mr. Crutchfield must meet the requirements of FED. R. EVID. 702. In other words, Mr. Crutchfield's testimony must be based on sufficient facts or data; it must be the product of reliable principles and methods; and Mr. Crutchfield must have reliably applied the principles and methods to the facts of the case. *See* FED. R. EVID. 702. "Under *Daubert*, any step that renders the expert's analysis unreliable . . . renders the expert's testimony inadmissible. This is true whether the step completely changes a reliable methodology or merely misapplies the methodology." *Mitchell v. Gencorp Inc.*, 165 F.3d 778, 782 (10th Cir. 1999). The proponent of the expert testimony—in this case, Plaintiff—bears the burden of showing that its proffered expert's testimony is admissible. *See United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

In applying these standards, the Supreme Court has noted it is the district court's obligation to serve as a gatekeeper, ensuring that expert testimony is not admitted at trial unless it is both relevant and reliable. *See Kumho*, 526 U.S. at 141; *Daubert*, 509 U.S. at 592-93. Although no particular set of factors or other procedure for determining reliability is required, the Court must make some kind of determination on the record to show it has properly fulfilled the gatekeeping function. *See United States v. Velarde*, 214 F.3d 1204, 1209 (10th Cir. 2000). "The most common method for fulfilling [the

gatekeeper function] is a *Daubert* hearing, although such a process is not specifically

mandated." *Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th

Cir. 2000) (citations omitted).

It is Defendants' position in the present case that Mr. Crutchfield's opinions are

"not sufficiently tied to the facts of the case that [they] would aid the jury in resolving the

factual dispute." *Doc. 64* at 5.  Moreover, Defendants contend that Mr. Crutchfield's

opinions "are not the product of reliable principles and methods that are reliably applied

to the facts of the case." *Id.*  Defendants argue that "Mr. Crutchfield is simply relying on

the Decision Memo of Judge Shoobridge in the underlying criminal case to support his

opinions and has considered no other facts or alternative explanations." *Id.*  As such,

Mr. Crutchfield's testimony is, according to Defendants, "unfounded" and "reckless."

Plaintiff points out that Defendants did not object to the sufficiency of the report

earlier and elected not to take the deposition of Mr. Crutchfield.  *See Doc. 84* at 3.  He

further contends that Mr. Crutchfield's report "demonstrates that he reviewed the record

in the underlying criminal trial with particular attention to the transcript of the hearing on

Hagan's motion to set aside the plea wherein both Hagan and Rose testified." *Id.*

Mr. Crutchfield's two-page report states as follows:

> OPINIONS:
> …
> 2.  It is my judgment and opinion that Mr. Rose was deficient
> in such representation in the following areas:
>     A.  That in dealing with charges in this matter, Mr.
> Rose failed to make necessary evaluation of the claims of
> the State to assert defenses to such charges.
>     B.  That Mr. Rose failed to disclose known witnesses
> as required by Scheduling Order in timely fashion to speak
> to Mr. Hagan not being in the State of New Mexico when
> events giving rise to charge occurred; [Disclosure of Alibi
> claim]

> C.  That Mr. Rose failed to advise Mr. Hagan of
> nature of defenses available to him to multiple charges.
> [Merger of offenses occurring in one incident/Charging of
> General crime v. Specific offense]
> D.  That Mr. Rose filed [sic] to disclose witnesses and
> exhibits as required by Scheduling Order.
> E.  That Mr. Rose failed to failed to [sic] resist claims
> of restitution asserted by the State by reason of prior action
> of United States District Court in California.
> F.  By essentially abandoning Mr. Hagan on
> appearance in Court in advising that if Mr. Hagan did not
> accept plea agreement, Mr. Rose could not represent him
> due to the closing of Mr. Rose's law practice and
> employment with a District Attorney's office.

*Doc. 74* at 4.  There is no further explanation of these opinions provided.  *See id.*

The Court first finds that Plaintiff's expert disclosure is inadequate under the

Federal Rules of Civil Procedure.  Mr. Crutchfield identified six opinions he will express

at trial, but he provided no information as to "the basis and reasons for them."  *See* Fed.

R. Civ. P. 26(a)(2)(B).  Mr. Crutchfield states, for instance, that "Mr. Rose failed to make

necessary evaluation of the claims of the State to assert defenses to such charges."

*See Doc. 74* at 3.  No explanation of the basis for this opinion is provided.  Defendant is

left to wonder what aspects of Mr. Rose's evaluation were deficient and under what

standard.  Similarly, Mr. Crutchfield wholly fails to explain the reason for this opinion.

He does not tie the opinion to the facts of the case in any manner.  Mr. Crutchfield

indicates neither what defenses should have, in his opinion, been asserted by Mr. Rose

nor how a proper evaluation of the State's charges might have produced a different,

better result.  In short, Mr. Crutchfield's opinion regarding Mr. Rose's evaluation of the

State's claims was not adequately disclosed.

The same goes for each of Mr. Crutchfield's additional opinions.  Plaintiff does

not indicate which witnesses should have been, but were not, disclosed by Mr. Rose,

and Plaintiff does not state what standard, if any, requires such a disclosure.  Plaintiff also fails to provide a basis or reason for Mr. Crutchfield's opinion that Mr. Rose failed to adequately advise Plaintiff of defenses or failed to disclose witnesses and exhibits. Similarly, Plaintiff does not adequately explain Mr. Crutchfield's opinion that Mr. Rose "failed to resist claims of restitution."  The claims at issue are not identified, nor does Mr. Crutchfield explain how such claims could have or should have been resisted, nor does Mr. Crutchfield identify any standard that requires such resistance under the circumstances of this case.  Finally, Plaintiff provides no basis or reasoning to support Mr. Crutchfield's opinion that Mr. Rose abandoned his client and advised him he could not represent him if he did not accept a plea agreement.  This is particularly important considering that, as the Court has noted in its previous Order, this opinion is contrary to the testimony before the state district court.

Although Plaintiff is technically correct that a deposition of Mr. Crutchfield, had Defendants elected to take one, may well have cleared up any confusion or questions as to the basis and reasons for Mr. Crutchfield's opinions, the Federal Rules of Civil Procedure require disclosure that is essentially equivalent to direct testimony of the expert. *See Jacobsen*, 287 F.3d at 953 (noting that the purpose of the expert disclosures is "to set forth the substance of the direct examination").  A party should not have to depose expert witnesses in order to obtain a basic understanding of their opinions and the basis and reasons for them.

But even if the Court did not impose the Rule 37(c) sanction of excluding Mr. Crutchfield's opinions at trial on the basis of technical deficiencies in his expert report, the expert opinions would be excluded as unreliable as discussed below.

Expert testimony in a legal malpractice case is critical.  *See, e.g., Lyon v. Aguilar*, 412 Fed.Appx. 160, 164-65 (10th Cir. 2011) (holding that "[i]n New Mexico, a plaintiff alleging legal malpractice based on attorney negligence must make two showings: (1) that the attorney was negligent in the preparation, investigation, or trial of the case; and (2) the attorney's negligence was the proximate cause of plaintiff's injuries," and, that "[b]oth elements must be proved by expert testimony from an attorney").  However, "no lawyer is presumed to know all the law, much less to be an expert in every area of the law." *Andrews v. Saylor*, 80 P.3d 482, 487 (N.M. Ct. App. 2003).  Therefore, in the interest of "prevent[ing] juries in legal malpractice cases from being subjected to the legal equivalent of 'junk science,'" New Mexico courts have "urge[d] trial courts to exercise their gatekeeping function to insure that experts testifying in legal malpractice cases are qualified and that their testimony is not merely 'subjective belief or unsupported speculation.'"  *Id.* at 488, n.3 (quoting 4 Jack b. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 70205[1][a] (Jos. M. McLaughlin gen. ed. 2d ed. 2002)).

Mr. Crutchfield's opinions seem to parrot the findings and conclusions of Judge Shoobridge, who presided over the underlying case.  As I have noted previously in this litigation, Judge Shoobridge's findings and conclusions in the underlying litigation lacked support in the record and were therefore not reliable.  *See Doc. 48* at 9.  Judge Shoobridge's conclusions in the underlying case fail to consider "Rose's testimony, [or] why he discredited that testimony (particularly where [Mr. Rose] advised his client to *not* take the plea)."  *Id.*  Although finding that Mr. Rose was deficient in failing to discuss possible defenses before the plea, Judge Shoobridge did not examine the merits of

each of the defenses.  *See id.* (citing *State v. Hunter*, 143 P.3d 168, 173-76 (N.M. 2006)).  Without a more complete analysis and explanation of the conflicting testimony, Mr. Crutchfield's opinions, like Judge Shoobridge's conclusions, lack sufficient indicia of reliability to be of assistance to a jury.

With specific reference to the issue of abandonment, Judge Shoobridge's finding that Plaintiff was "tole [sic] by Mr. Rose he could either accept [the plea] or find other counsel," was not supported by the underlying testimony.  *See Doc. 48* at 6-7 (noting that the plaintiff testified only that it was his perception that Rose was unprepared for trial and would be abandoning him and finding that "[t]he record clarifies that Rose testified he was ready to proceed to trial as scheduled but that he could not 'be around' later for a 'complex restitution hearing' if it was needed").  In fact, as Plaintiff acknowledged in the underlying proceeding, Mr. Rose arranged for Mr. Beauvais to assume representation of Plaintiff on the same day Plaintiff entered the plea.  *See id.* at 6 (referencing "Transcript," *Docs. 33-1 and 33-2,* at 75).  Without addressing these contradictory facts, Mr. Crutchfield's opinion that Mr. Rose "essentially abandoned" Plaintiff is not reliable and therefore not admissible at trial.

Wherefore**,**

**IT IS ORDERED** that Defendant's First Motion in Limine is **granted.**


_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent